DEMARCUS MOSS

VERSUS

HAROLD M. STOKES, MD,
PONTCHARTRIAN ORTHOPEDICS &
SPORTS MEDICINE, AND EAST JEFFERSON
AMBULATORY SURGERY CENTER

NO. 21-CA-40

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-793, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

October 20, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED**
    **RAC**
    **HJL**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DEMARCUS MOSS
    Richard H. Barker, IV

COUNSEL FOR DEFENDANT/APPELLEE,
HAROLD M. STOKES, MD, THE PONTCHARTRIAN BONE & JOINT
CLINIC, LTD & EAST JEFFERSON SURGERY CENTER, LLC
    Raymond R. Egan, III

**CHAISSON, J.**

In this medical malpractice case concerning a surgical site infection, Demarcus Moss appeals a judgment of the trial court granting the motion for summary judgment filed by Harold M. Stokes, MD, The Pontchartrain Bone & Joint Clinic, Ltd., and East Jefferson Surgery Center, LLC that dismissed his claims with prejudice. For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

Mr. Moss injured his right wrist while playing football. On October 14, 2014, he underwent a surgical procedure performed by Dr. Stokes, a board-certified orthopedic surgeon practicing with The Pontchartrain Bone & Joint Clinic ("Pontchartrain"), at East Jefferson Surgical Center ("EJSC"). Subsequent to this procedure, Mr. Moss developed a Methicillin-resistant Staphylococcus aureus (MSRA) bacterial infection that progressed to a severe state necessitating further surgical interventions and causing severe, permanent and disabling injuries including permanent damage to the bones in the wrist.

On October 22, 2018, Mr. Moss filed a Petition for Damages wherein he alleged that Dr. Stokes breached the standard of care by failing to perform adequate sterilization, as well as failing to timely diagnose and treat the infection. Mr. Moss further alleged that he repeatedly advised Dr. Stokes during post-operation office visits that he believed he had an infection, but that Dr. Stokes ignored and/or did not believe Mr. Moss and failed to perform necessary testing to diagnose the infection.

In their answer to the petition, defendants denied Mr. Moss's allegations. On February 4, 2020, defendants filed a motion for summary judgment seeking to have Mr. Moss's claims dismissed on the basis that he would be unable to bear his burden of proof at trial because he had no expert testimony to support his

allegation that Dr. Stokes breached the standard of care required of physicians practicing in his specialty. On October 27, 2020, following a hearing on the motion at which both parties introduced evidence, the trial court rendered a judgment granting the motion for summary judgment and dismissing Mr. Moss's claims with prejudice.

On appeal, Mr. Moss raises multiple assignments of error, all of which concern the trial court's failure to consider the evidence he presented at the motion hearing regarding Dr. Stokes's breaches of the standard of care.

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *O'Krepki v. O'Krepki*, 16-50, 16-51 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 577, *writ denied*, 16-1202 (La. 10/10/16), 207 So.3d 406. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Semco, LLC v. Grand Ltd.*, 16-342, 16-15 (La. App. 5 Cir. 5/31/17), 221 So.3d 1004, 1031, *writ denied*, 17-1291 (La. 11/6/17), 229 So.3d 475 (citing *Oubre v. Louisiana Citizens Fair Plan*, 11-0097 (La. 12/16/11), 79 So.3d 987, 1002-03). The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual

support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966.

La. R.S. 9:2794(A) sets forth the plaintiff's burden of proof in medical malpractice actions against licensed physicians:

> A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., … the plaintiff shall have the burden of proving:
>
> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, … licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians … within the involved medical specialty.
>
> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>
> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

Expert medical testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. *Pfiffner v. Correa*, 94-0924 (La. 10/17/94), 643 So.2d 1228, 1234. There are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can. *Id*. For example, expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife or scalpel on a patient or leaving a sponge in a patient's body. *Id*. Nevertheless, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim without medical experts. *Id*. To determine whether a physician possesses the requisite degree of knowledge or skill or whether he exercised reasonable care or

diligence, the court is guided by expert witnesses who are members of the medical profession. *Franklin v. Tulane Univ. Hosp. & Clinic*, 06-1557 (La. App. 4 Cir. 11/21/07), 972 So.2d 369, 375, *writ denied*, 07-2468 (La. 2/15/08), 976 So.2d 186.

In this case, we find that the prevention, diagnosis, and treatment of surgical site infections present complex medical and factual issues which require the testimony of an expert witness to meet the evidentiary burden set forth in La. R.S. 9:2794(A). In the absence of such evidence, Mr. Moss cannot maintain his claim.

La. R.S. 9:2794(D) states that when a plaintiff brings a medical malpractice claim against a physician, the plaintiff's expert on the issue of whether the physician departed from the accepted standards of medical care must be a physician meeting the criteria specified below:

> D. (1) In a medical malpractice action against a physician, licensed to practice medicine by the Louisiana State Board of Medical Examiners under R.S. 37:1261 et seq., for injury to or death of a patient, a person may qualify as an expert witness on the issue of whether the physician departed from accepted standards of medical care only if the person is a physician who meets all of the following criteria:
>
> (a) He is practicing medicine at the time such testimony is given or was practicing medicine at the time the claim arose.
>
> (b) He has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim.
>
> (c) He is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of care.
>
> (d) He is licensed to practice medicine by the Louisiana State Board of Medical Examiners under R.S. 37:1261 et seq., is licensed to practice medicine by any other jurisdiction in the United States, or is a graduate of a medical school accredited by the American Medical Association's Liaison Committee on Medical Education or the American Osteopathic Association.
>
> (2) For the purposes of this Subsection, "practicing medicine" or "medical practice" includes but is not limited to training residents or students at an accredited school of medicine or osteopathy or serving as a consulting physician to other physicians who provide direct patient care, upon the request of such other physicians.

21-CA-40                                                    4

(3) In determining whether a witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness is board certified or has other substantial training or experience in an area of medical practice relevant to the claim and is actively practicing in that area.

(4) The court shall apply the criteria specified in Paragraphs (1), (2), and (3) of this Subsection in determining whether a person is qualified to offer expert testimony on the issue of whether the physician departed from accepted standards of medical care.

*See also Relly v. Spinazze*, 45,209 (La. App. 2 Cir. 4/14/10), 34 So.3d 1069, 1075.

In support of their motion for summary judgment, defendants introduced into evidence their requests for production of documents and interrogatories as well as the decision of the medical review panel that stated there was no breach of the standard of care by defendants.[1]

In opposition to the motion, Mr. Moss submitted an affidavit from a registered nurse, Kamel Boughara, which attached a document that he identified as a "medical review panel position paper . . . prepared by Margie Bixler."[2] Mr. Bhoughara stated that he "read said position paper and the supporting evidence and authorities" and further indicated that he agreed "with the opinions and conclusions relative to Demarcus Moss's claims against Dr. Harold Stokes and the Pontchartrain Orthopedic and Sports Medicine clinic for medical malpractice, and adopts these opinions and conclusions as his own." The affidavit did not provide any information or attach a resume or *curriculum vitae* regarding Ms. Bixler's qualifications. Plaintiff's counsel explained at oral argument on the summary judgment motion that Ms. Bixler is a registered nurse, who also worked as a paralegal.

---

[1] Mr. Moss argues that he did not participate in the medical review panel process and that the determination of the panel was reached solely on evidence presented by defendants.

[2] We note that the attached "medical review panel position paper" itself does not indicate by whom it was authored and is unsigned and not sworn to in affidavit form.

As an initial matter, we find that the trial court did not err in granting the motion for summary judgment on behalf of defendants Pontchartrain and EJSC. Although Ms. Bixler or Mr. Boughrara are medical professionals, the opposition filed by Mr. Moss in response to the summary judgment motion is devoid of any indication that the testimony of Ms. Bixler or Mr. Boughrara is based on any particular training, experience, knowledge or expertise regarding the prevention, diagnosis, or treatment of surgical site infections which may aid the court in its determination of whether these defendants breached the standard of care in their treatment of Mr. Moss. Additionally, the opposition contains no discussion or details of any alleged negligence of Pontchartrain and EJSC that would create a genuine issue of material fact as to those defendants; it concerns only the actions and alleged negligence of Dr. Stokes. We therefore affirm that portion of the trial court's judgment dismissing Mr. Moss's claims against Pontchartrain and EJSC with prejudice.

With respect to the medical malpractice claims alleged against Dr. Stokes, defendants argue that because neither Ms. Bixler nor Mr. Boughrara are physicians, as required by La. R.S. 9:2794(D), they are not qualified to provide expert testimony regarding Dr. Stokes's treatment of Mr. Moss. Defendants further argue that the report allegedly prepared by Ms. Bixler and adopted by Mr. Boughrara, both registered nurses, is therefore insufficient evidence to create a genuine issue of material fact as to whether Dr. Stokes breached the applicable standard of care in his treatment of Mr. Moss.

Upon our *de novo* review, we find that because Mr. Moss has failed to identify any physician who would testify as an expert witness on the issue of whether Dr. Stokes departed from the accepted standards of medical care, as would be required pursuant to La. R.S. 9:2794(D), the motion for summary judgment as

to Dr. Stokes was also properly granted.  Accordingly, we affirm the judgment of the trial court granting summary judgment and dismissing Mr. Moss's claims as to all defendants with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 20, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-40

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
RAYMOND R. EGAN, III (APPELLEE)

**MAILED**
RICHARD H. BARKER, IV (APPELLANT)
ATTORNEY AT LAW
601 POYDRAS STREET
SUITE 2345
NEW ORLEANS, LA 70130